NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| HARJINDER SINGH-KAUR, | No. 13-73247 |
| Petitioner, | Agency No. A073-129-797 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 14, 2016
San Francisco, California

Before:  GOULD and BERZON, Circuit Judges, and SESSIONS,[**] District Judge.

Harjinder Singh-Kaur, also known as Jagtar Singh, petitions for review of

the Board of Immigration Appeals' (BIA) termination of his prior grant of asylum

and rejection of his claims for asylum, withholding of removal, and relief under the

Convention Against Torture.  We deny his petition for review.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

1.  The BIA properly upheld the Immigration Judge's termination of Singh-Kaur's prior grant of asylum under 8 C.F.R. § 1208.24(a)(1).

Singh-Kaur conceded before the BIA and concedes here that he committed fraud in his 1994 asylum application.

Substantial evidence supports the Immigration Judge's determination that Singh-Kaur's application fraud, together with his false representations in his removal hearing and asylum interview and the inconsistencies in the stories of persecution presented in his 1994 and 1996 asylum applications, rendered him ineligible for asylum at the time it was granted because they fatally undermined his credibility. *See* 8 C.F.R. § 1208.24(a)(1).

Singh-Kaur misrepresented his name, date of birth, marital status, and parental status in his 1994 application. Then, in his 1996 asylum application, he misrepresented the dates of an incident in India and of his arrival in the United States. Singh-Kaur repeated these misrepresentations before an Immigration Judge and before an Asylum Officer respectively. Furthermore, in his 1996 application, Singh-Kaur denied having previously filed an asylum application and denied that he was in deportation proceedings. Singh-Kaur also told substantially different stories of persecution in his 1994 and 1996 asylum applications, reporting different dates, locations, actors, and forms of persecution.

In the 2009 hearing, the Immigration Judge gave Singh-Kaur the opportunity to explain his false representations and the discrepancies between his applications.[1] Singh-Kaur stated that he misrepresented his identity in his 1994 application on the advice of the agent who assisted him. When the Immigration Judge pressed Singh-Kaur regarding the omissions in both his applications, Singh-Kaur explained that, when completing each application, he was advised to describe only the last, most significant incident of persecution. The Immigration Judge found this explanation incoherent, given that the applications described different incidents.

The Immigration Judge did not have to accept Singh-Kaur's explanation as true, as the record does not compel such acceptance. *See Kaur v. Gonzalez*, 418 F.3d 1061, 1067 (9th Cir. 2005). The Immigration Judge fulfilled her obligations to consider Singh-Kaur's false statements in light of all the circumstances, *see Turcios v. INS*, 821 F.2d 1396, 1400 (9th Cir. 1987), and to provide a specific reason for her adverse credibility finding, *see Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002).

---

[1] At oral argument Singh-Kaur argued that the Immigration Judge did not provide him with the opportunity to explain the inconsistencies in his applications. Singh-Kaur did not argue a lack of opportunity to explain in his brief before this court, so the argument is waived. Even if the argument were not waived, it has no merit. The record shows that during the 2009 hearing the Immigration Judge specifically asked Singh-Kaur about the discrepancies between his applications and gave him an opportunity to explain those discrepancies.

For these reasons, we deny the petition for review of the BIA's termination of Singh-Kaur's prior grant of asylum.

2. Singh-Kaur waived any objections to the BIA's denial of his asylum, withholding of removal, and Convention Against Torture claims by not raising the issues in his opening brief before this court. *See Cui v. Holder*, 712 F.3d 1332, 1338 n.3 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED.**